*E-FILED - 11/30/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISAAC MCKINLEY, | ) | No. C 09-3865 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION FOR RECONSIDERATION; RE-OPENING CASE; DIRECTING PETITIONER TO FILE AMENDED PETITION |
| vs. | ) ) ) ) | |
| WARDEN JOHN H. HAVILAND, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. On September 30, 2009, the court dismissed his petition with leave to amend because the court could not determine what exactly petitioner was challenging. Petitioner was directed to file his amended petition within thirty days from the date of the order. On December 8, 2009, after receiving no communication from petitioner, the court dismissed the case.

On July 2, 2010, petitioner filed a motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b)(1). Under subparagraph (1), "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (adopting

Order Granting Motion for Reconsideration; Re-Opening the Case; Directing Petitioner to File Amended Petition
P:\PRO-SE\SJ.Rmw\HC.09\McKinley865reo.wpd

standard to determine excusable neglect as set forth in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)).  Here, it appears that petitioner is acting in good faith. He proffers that he was being assisted by a jailhouse lawyer, who did not inform him about the importance of the timeliness issue and was subsequently moved to a different facility or bedspace.  As a result, petitioner lost contact with his "inmate assistant."  Petitioner lists other obstacles to his inability to file a motion for relief from judgment earlier, such as: other inmate assistants being transferred and delays in mail correspondence between inmates to gather legal documents.  Although seven months is quite a lengthy delay to seek reconsideration, and petitioner has still not filed an amended petition, the court is cognizant of the fact that more than one year has passed since petitioner filed his federal habeas petition.  Any subsequent petition that petitioner would file raising the same facts as alleged in the instant claim(s) would likely be dismissed as untimely.  Thus, after balancing the equitable factors, the court GRANTS petitioner's motion for reconsideration.  The Clerk is directed to RE-OPEN the case.

**Within thirty days of the filing date of this order,** petitioner shall file an amended petition.  The amended petition must include the caption and civil case number used in this order (C 09-3865 RMW (PR)) and the words "AMENDED PETITION" on the first page.  The amended petition will supercede any prior filings and petitioner is reminded that the amended petition must contain all claims he wishes to pursue and may not incorporate by reference any parts of the original petition.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  The amended petition shall be on the court's form for habeas petitions.

Petitioner shall take care to write clearly and legibly, so that the court can read what he writes.  He must clearly state the grounds for habeas relief challenging either underlying state court criminal conviction or the legality of his confinement.  He must set out how he has exhausted his claims, that is, what he did to present them first to the highest state court available, which is the Supreme Court of California.  **If petitioner fails to file an amended petition in conformity with this order, this action will be dismissed without prejudice.**

It is petitioner's responsibility to prosecute this case.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

Order Granting Motion for Reconsideration; Re-Opening the Case; Directing Petitioner to File Amended Petition
P:\PRO-SE\SJ.Rmw\HC.09\McKinley865reo.wpd        2

1  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
2  Federal Rule of Civil Procedure 41(b).
3      IT IS SO ORDERED.
4  DATED: 11/30/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Motion for Reconsideration; Re-Opening the Case; Directing Petitioner to File Amended Petition
P:\PRO-SE\SJ.Rmw\HC.09\McKinley865reo.wpd     3